```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

UNITED STATES OF AMERICA       §
                               §
VS.                            §    CRIMINAL NO.4:02-CR-035-Y
                               §    (CIVIL NO.4:04-CV-770-Y)
RONALD M. HOENIG               §
```

### ORDER RESOLVING ALL PENDING MOTIONS and, <u>ORDER DENYING MOTION UNDER 28 U.S.C. § 2255</u>

Now pending before the Court is defendant Ronald M. Hoenig's form motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, along with an 80-page handwritten attachment, and a three-page memorandum in support. Hoenig also later filed a 31-page memorandum in support. Also before the Court is the government's response to the motion under § 2255, along with an appendix in support, and Hoenig's reply. Having carefully considered the motion with attachment and memoranda in support, the government's response, the reply, the applicable law, and the records of this case, the Court determines that the motion for relief under 28 U.S.C. § 2255 should be denied for the reasons stated in the government's response, and as set forth herein.

Hoenig seeks relief under 28 U.S.C. § 2255 on the following grounds: (1) the evidence proves that he was the victim of entrapment; (2) there was insufficient evidence that he was in possession of a firearm as charged in the indictment; (3) this Court abused its discretion by (a) denying a motion for extension of time to prepare for trial, (b) denying his request to review audio and videotapes, (c) denying pre-trial motions, (d) overruling

his challenge to an element of the indictment,(e) refusing to allow him to call the confidential informant as a witness, (f) refusing to allow him to interview witness Carol Barron, (g) allowing the government to use his proffer against him at trial and sentencing; (4) he was subjected to ineffective assistance of counsel at trial; (5) he was denied access to a law library or to sufficient legal research materials to prepare for trial; (6) he was subjected to ineffective assistance by stand-by counsel; (7) the Court wrongfully denied his request for exculpatory material; (8) the Court refused to allow him a meaningful review of court records and discovery matters before trial; (9) the government engaged in prosecutorial misconduct; and (10) he was subjected to ineffective assistance of appellate counsel.

Hoenig's first two grounds of error regarding entrapment and the alleged insufficiency of the evidence to convict him may not be brought in a motion under 28 U.S.C. § 2255.[1]  Furthermore, even to the extent Hoenig could bring such claims in this collateral proceeding, sufficient evidence was presented to the Court in support of Hoenig's conviction. (August 19, 2002, Trial Transcript Volume 1 at pages 11-14; page 57, line 21 - page 58, line 8; page

---

[1] *See Tivis v. United States,* 302 F.Supp. 579, 581 (N.D.Tex. 1969)("It has been expressly held in this circuit that the defense of entrapment is not available as a ground for setting aside a judgment and sentence by a motion to vacate under Section 2255"), *citing Moore v. United States*, 334 F.2d 25 (5 Cir. 1964); *see also Forrester v. United States,* 456 F.2d 905, 907 (5th Cir. 1972), *cert. den'd*, 409 U.S. 856 (1972)(sufficiency of the evidence not cognizable in a collateral motion under § 2255), *citing Kelly v. United States,* 350 F.2d 398, 399 (5th Cir. 1965).

2

60, line 6- page 61 line 20; August 20, 2002 Trial Transcript Volume 2 at page 85, line 16-page 86, line 16.)

In consideration of grounds three(a) and five, the Court determines that Hoenig is procedurally barred from obtaining relief on such grounds under § 2255. On direct appeal, Hoenig challenged this Court's failure to grant a continuance, and asserted that he did not have adequate access to his case file, to research materials and to a law library.[2] As noted by the government in its response at page 3, the court of appeals addressed these claims and rejected them.[3] It is apparent that Hoenig's grounds for relief three (a) and five in this collateral proceeding are merely restatements of the issues Hoenig raised on direct appeal. As such claims were raised on direct appeal without success, movant Hoenig cannot assert them now in a collateral challenge.[4] Accordingly, such grounds do not state cognizable grounds for relief under § 2255.

Hoenig raises for the first time in the motion under § 2255, grounds three(b-g), seven, eight, and nine. A defendant bears the

---

[2] *United States v. Hoenig,* No.02-11339, Opinion entered on this Court's docket [#162] on November 18, 2003.

[3] *Id.*

[4] *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.)("It is settled law in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions"), *cert. den'd,* 476 U.S. 1118 (1986); *see also Moore v. United States,* 598 F.2d 439, 441 (5th Cir. 1979)("The appellate process does not permit reruns"); *Ordonez v. United States,* 588 F.2d 448, 448-49 (5th Cir.)("[T]he issue was decided adversely to appellant on direct appeal and need not be considered again."), *cert. den'd,* 441 U.S. 963 (1979).

burden of establishing grounds for collateral relief under § 2255 and, to obtain relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal."[5] As the Court of Appeals for the Fifth Circuit has observed,

> On direct appeal a defendant may raise any error subject to the limiting reality of the harmless error rule. In contrast, § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice. In determining whether a claim is cognizable under § 2255 [the Court] first look[s] to whether the claim is that petitioner was deprived of a constitutionally secured right or [that the defect is] jurisdictional."[6]

A defendant may not raise an issue for the first time on collateral review without showing both cause for the failure to raise it on direct appeal and actual prejudice resulting from the error.[7] The cause-and-actual-prejudice standard requires the defendant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue on appeal,[8] but also that the error he alleges "worked to his *actual* and substantive disadvantage, infecting his entire trial with error."[9]

---

[5]*United States v. Frady,* 456 U.S. 152, 166 (1982).

[6]*United States v. Smith,* 844 F.2d 203, 205-06 (5th Cir. 1988), *cert. den'd,* 502 U.S. 1076 (1992), *citing United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. 1981)(other citation omitted).

[7]*See United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991), *cert. den'd,* 502 U.S. 1076 (1992); *Frady,* 456 U.S. at 168.

[8]*Coleman v. Thompson,* 501 U.S. 722, 753 (1991)*, citing Murray v. Carrier,* 477 U.S. 478, 488 (1986).

[9]*Frady,* 456 U.S. at 170.

4

Applying these standards to this case, since Hoenig could have asserted here grounds three (b-g), seven, eight and nine on direct appeal but did not, without a showing of both cause and prejudice, he cannot now assert such issues in this motion under 28 U.S.C. § 2255. For the reasons stated by the government in its response at pages 4 through 10, Hoenig has not shown cause for his default and prejudice resulting therefrom. Thus, grounds three (b-g), seven, eight, and nine are procedurally barred.

In grounds four and six, Hoenig, who proceeded pro-se with stand-by counsel during trial, now claims that he received ineffective assistance of counsel at trial.[10] Both grounds are without merit. As Hoenig represented himself, he cannot claim that his own efforts amounted to ineffective assistance of counsel.[11] Also, because Hoenig was not entitled to stand-by counsel,[12] he is not entitled to relief for any alleged ineffectiveness of such counsel.[13]

---

[10] Claims of ineffective assistance of counsel generally may not be raised on direct appeal. *See United States v. Haese,* 162 F.3d 359, 363 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1138 (1999).

[11] *See Faretta v. California,* 422 U.S. 806, 834 n.46 (1975)("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'")

[12] *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978)(noting that although a defendant has a constitutional right to represent himself, there is no right to hybrid representation, partly by counsel and partly by himself).

[13] *See United States v. Morrison,* 153 F.3d 34, 55 (2d Cir. 1998), *citing United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir. 1997), *cert. den'd,* 522 U.S. 846 (1997); *see generally United States v. Mikolajczyk,* 137 F.3d 237, 246 (5th Cir.)(noting in *dicta* that if defendant "had no right to standby counsel, it seems unlikely that standby counsel's failure to assist could be a violation of his Sixth Amendment rights"), *cert. den'd,* 525 U.S. 909 (1998).

Hoenig also claims, in ground ten, that he received ineffective assistance of counsel on direct appeal. In Hoenig's § 2255 motion and handwritten attachment, this claim is based solely on the allegation that the transcript of the trial proceedings in this matter was incomplete, altered, or flawed. The Court has reviewed this allegation in considering Hoenig's separately filed amended motion for actual transcripts. There, the Court directed the court reporter to review the tape recordings against her stenographic notes. The court reporter certified in an affidavit that the transcripts were correct as originally filed. As such, there is no merit to Hoenig's claim that the transcripts were inaccurate. Because there is no factual basis to the claim that appellate counsel was provided inaccurate transcripts, there is no substance to Hoenig's claim that appellate counsel was ineffective on this basis.

Hoenig also claims in his 31-page memorandum in support and in his reply that appellate counsel was ineffective for failing to raise many of the issues that he now asserts in this collateral proceeding. The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence

6

>resulted from a breakdown in the adversary process that renders the result unreliable.[14]

The *Strickland* standard also applies to a claim of ineffective assistance by appellate counsel.[15] To meet the standard in the appellate context,

>[Defendant] must first show that his counsel was objectively unreasonable, *see Strickland*, 466 U.S., at 687-691, in failing to find arguable issues to appeal-- that is, that counsel unreasonably failed to discover nonfrivolo us issues and to file a merits brief raising them. If [defendant] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *See id.*, at 694, (defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").[16]

Applying this standard to Hoenig's claims that appellate counsel failed to raise some of the issues he now asserts, Hoenig has not shown that he now raises non-frivolous issues, nor has he shown that he would have prevailed on any such issues had they been asserted on direct appeal. Hoenig has not shown ineffective assistance of appellate counsel.

Hoenig has filed several motions associated with his request for relief under 28 U.S.C. § 2255. Those motions are resolved as follows: the second motion for actual transcripts is denied for the same reasons enunciated in the Court's January 11, 2005, Order denying amended motion for actual transcripts; the motion for

---

[14]*Strickland,* 466 U.S. at 687.

[15]*See Smith v. Murray*, 477 U.S. 527, 535-536 (1986)(applying Strickland to claim of attorney error on appeal).

[16]*Smith v. Robbins,* 528 U.S. 259, 285-85 (2000).

7

copies of pleadings is denied as indigence does not entitle Hoenig to free copies of court records; the motion for evidentiary hearing is denied as the Court has resolved the § 2255 motion without need for a hearing; the motion for summary judgment is denied because the government timely responded to the § 2255 motion; the motions for leave to conduct discovery and to appoint counsel are denied as Hoenig has not shown good cause as required under Rule 6 of the Rules Governing Section 2255 Proceedings; and the motions to compel the Court to take action are denied as moot.

Therefore, the following motions filed by Ronald M. Hoenig are DENIED: motion for copies of pleadings [docket no. 191]; motion for evidentiary hearing [docket no. 192]; motion for summary judgment [docket no. 195]; second motion for actual transcripts [docket no. 198]; motion to compel court to answer [docket no. 200]; motion to compel district court to rule on pending motions [docket no. 203]; and motions for leave to conduct discovery and to appoint counsel [docket no. 205].

Furthermore, Ronald M. Hoenig's motion under 28 U.S.C. § 2255 [docket no. 182] is DENIED.

SIGNED October 18, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE